UNITED STATES BANKRUPTCY COURT
EASTERN DIVISION, DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>　　　　Virginia A. Traverse<br>　　　　　　　　　　　　　Debtor | Chapter 7<br>Case No.  11-17703 |
| Mark G. DeGiacomo as Chapter 7<br>Trustee,<br><br>　　　　　　　　　　　　　Plaintiff,<br><br>　　　　　　　v.<br><br>JPMorgan Chase Bank, NA; and<br>Virginia A. Traverse,<br><br>　　　　　　　　　　　　　Defendants | Adversary Proceeding No. 11-01349 |

MOTION FOR STAY PENDING APPEAL
EMERGENCY DETERMINATION REQUESTED

NOW COMES Virginia Traverse, by her attorney, and respectfully moves the Court pursuant to Fed.R.Bankr.P. 8005 for a stay pending appeal in this matter of the order granting summary judgment to the trustee/plaintiff on Traverse's counterclaim. Because the trustee has (at least tentatively) scheduled a sale for June 7, emergency determination is requested. In further support of motion, Traverse states as follows:

1. Traverse commenced her case on August 14, 2011.
2. Schedule A discloses that Traverse owns a home in Lynn, Massachusetts. Schedule D discloses a secured claim held by Citibank, which is a mortgage encumbering title to her home.
3. On Schedule F, she listed JPMorgan Chase as an unsecured "mortgage" claim. It was listed as unsecured because the mortgage had never been recorded at the Registry of Deeds by Chase's predecessor, Washington Mutual Bank, F.A.
4. The trustee commenced this adversary proceeding for the purpose of avoiding the Chase mortgage and preserving it for the benefit of the estate, pursuant to 11 USC §§544 and 551.
5. Because the trustee stated an intention to sell Traverse's home, Traverse counterclaimed for a declaratory judgment that the trustee could sell the mortgage[1], but not Traverse's home since the trustee did not have full title to her home.

---

[1] Unless the context requires otherwise, the word "mortgage" means the mortgage itself (i.e., the document recorded at the Registry of Deeds), not the Promissory Note. Under Massachusetts law as it presently exists, the holder of the Note and the mortgagee can be (and frequently are) different entities. *See, e.g.,* In re Huggins, 357 BR 180 (Bkrtcy. D.Mass. 2006) (finding that although MERS did not hold the note, it nonetheless had standing to seek relief from the stay since it was the mortgagee).

6.  Traverse did not object to avoidance of the mortgage because the mortgage constitutes a property interest that does not belong to her, *see* §541 (stating that the bankruptcy estate consists of all of the <u>debtor's</u> legal and equitable interests in property, with some exceptions), since in Massachusetts, a mortgage is a conveyance of defeasible legal title to the real estate, *see* <u>U.S. Bank, N.A. v. Ibanez</u>, 458 Mass. 637 (2011); <u>In re Cormier</u>, 434 BR 222 (Bkrtcy.D. Mass. 2010), and thus she lacks standing to object.  The mortgagee's bare legal title does not become property of the bankruptcy estate on the petition date.  *See* <u>In re Samuels</u>, 415 BR 8 (Bkrtcy.D.Mass. 2009) (postpetition assignment of a mortgage and note does not constitute transfer of property of the estate because the note and mortgage are property of the creditor, not of the debtor); *see also* <u>In re Crichlow</u>, 322 BR 229 (Bkrtcy.D.Mass. 2004) (agreeing that mortgagee holds title to real estate and the mortgagor retains right of possession and redemption).

7.  On Schedule C, Traverse claimed her home as exempt pursuant to applicable state law, and stated that the "value of claimed exemption" is $500,000, and the "current value of property without deducting exemptions" is $223,500.

8.  No party in interest objected to the claim of exemption or the valuation.  As a result, Traverse's interest in the home is fully exempt and fully withdrawn from the bankruptcy estate.  *See generally* <u>Schwab v. Reilly</u>, 130 S.Ct. 2652 (2010).

9.  Chase assented to the trustee's motion for summary judgment, and the court entered an order avoiding and preserving the mortgage.

10.  Because of the foregoing – i.e., Traverse's interest in the property was exempted and thus withdrawn from the estate – the only property interest now under the trustee's control is the mortgage, which is nothing more than <u>defeasible</u> legal title to the property.  As a matter of Massachusetts law, Traverse has the right to continue to live in the property so long as she remains current on the mortgage, and when she makes all of the payments required by the promissory note, she is entitled to have legal title conveyed back to her.  *See* <u>Ibanez</u>, *supra*.

11.  Traverse is not in default on her mortgage payments to Chase[2].  Pursuant to the Promissory Note and the Mortgage, the mortgage cannot be foreclosed in the absence of a default.  <u>Id</u>.

12.  Because the trustee only owns the mortgage and not the full fee simple interest in the real estate, he can only sell what he has, that being defeasible legal title represented by the mortgage.

---

[2] In her cross-motion for summary judgment, she asserted that this was an Undisputed Fact.  Neither the trustee nor Chase disputed that assertion and are collaterally estopped from denying it now.

13.   At the hearing on April 25, 2012, the Court stated (with admirable candor) that it does not understand that argument, and thus that it disagrees.  Furthermore it stated that it did not think that "the exemption will take the property out of the estate."  *Transcript at page 5.*

14.   Rather than requiring further briefing of an argument that it did not understand, the Court granted summary judgment to the trustee and stated that Traverse "can take it up, if you wish".   Traverse filed a timely Notice of Appeal.

15.   In Traverse's view, the Court's decision is erroneous for two reasons, and thus she asserts that she is more than reasonably likely to prevail on appeal.  In addition, it appears that there is an issue as respects the court's subject matter jurisdiction[3].

16.   As to the first reason, the Court must recognize that, as argued above, the only property interests that came into the estate when the petition was filed were *Traverse's* interests.  Overall, section 541 speaks only of a *debtor's* interests in property – not the property itself.   Schwab v. Reilly and its predecessors rely on this distinction, and Massachusetts law recognizes this distinction as regards mortgages because a mortgage is a conveyance of an interest – defeasible legal title – in real estate, and the mortgagor retains equitable title.   Ibanez.  Thus upon filing the petition, the only property interest with respect to Traverse's home that came into the estate was her equitable title, not the real estate itself.  The mortgagee's interest did not come into the estate.

17.   It is also indisputable, and well settled, that when a trustee avoids a lien and preserves it for the benefit of the bankruptcy estate, all that the trustee obtains is the lienholder's rights.  *See* In re Carvell, 222 BR 178 (1st Cir. BAP 1998 (preservation simply puts the estate in the shoes of the creditor whose lien is avoided).  Thus what is at issue in this litigation is not any property right that belonged to Traverse on the petition date, but a property right of the mortgagee that the trustee avoided and preserved for the benefit of the estate.  The mortgagee's (and by way of avoidance and preservation, the trustee's) property right under the mortgage is to foreclose the mortgage, which can be exercised only in the event of a default under the Promissory Note.

18.   Only upon preservation of the avoided lien (which occurred after the exemption claim became final), did it become property of the estate pursuant to §541(a)(4).

19.   As to the second reason, Schwab v. Reilly and its predecessors repeatedly recognize that an exemption is a property interest that is withdrawn from the estate if no

---

[3] Subject matter jurisdiction can never be waived, nor can subject matter jurisdiction be conferred by agreement of the parties.  See Stern v. Marshall, *infra.*

party in interest objects to the claim of exemption.  The dollar amount exempted is limited by the amount claimed on Schedule C, Id.  In the present case, Traverse claimed the maximum statutory amount available, $500,000, an amount that is well in excess of the undisputed value of the property, which distinguishes this case from Schwab.  No party in interest – not even the trustee – objected to the exemption claim.  It is indisputable, therefore, that Traverse's entire interest in the real estate is no longer property of the estate.

20. The conclusion to be drawn from the foregoing is that all that the trustee can sell is the avoided mortgage, and that the court erred in concluding otherwise.

21. Based on Stern v. Marshall, 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011), there is also a substantial question whether a bankruptcy court has constitutional subject matter jurisdiction to grant judgment under §544, or whether the court must issue a report and recommendation for the consideration of the District Court.  *See generally* In re Southeastern Materials, Inc., et al, 467 BR 337 (Bkrtcy.M.D.N.C., 2012).

22. It is irrelevant that a §544 cause of action is a "core" proceeding within the meaning of 28 USC §157, because the statutory "allocation does not implicate questions of subject mater jurisdiction."  Stern, 131 S.Ct. at 2607.  "Vickie's counterclaim against Pierce for tortuous interference is a 'core proceeding' under the plain text of §157(b)(2)(C)."  Id. at 2604.  "Although we conclude that §157(b)(2)(C) permits the Bankruptcy Court to enter final judgment on Vickie's counterclaim, Article III of the Constitution does not."  Id. at 2608.

23. Where constitutional subject matter jurisdiction is lacking, the parties may not consent to the bankruptcy court entering a final judgment.  The Stern court concluded that Marshall "consented to [the bankruptcy] court's resolution of his defamation claim (and forfeited any argument to the contrary)", Id. at 2608.  However, his consent was not a "true consent"  - "He had nowhere else to go if he wished to recover from Vickie's estate." Id. at 2614.  The same is substantially true in this case; Traverse has nowhere else to go to protect her rights.

24. Several courts have considered the implication of Stern to actions under §544. *See generally* In re Southeastern Materials, Inc., et al, 467 BR 337 (Bkrtcy.M.D.N.C., 2012) (collecting cases).  No clear consensus appears from the reported cases.

25. In a different context, Judge Feeney recently had occasion to consider the impact of Stern on an action by a debtor seeking, essentially, to set aside a pre-petition wrongful foreclosure.  She concluded that she could not enter final judgment, but must issue a report and recommendations for consideration by the District Court.  In re Lacey, 2011 WL 5117767 (Bkrtcy.D.Mass. 2011).  Setting aside a wrongful foreclosure is closely akin to an avoidance action under §544 in that it seeks to

4

recover and return to the bankruptcy estate property of the debtor that was transferred pre-petition.  *See also* In re Miller, 467 BR 677 (Bkrtcy.D.Mass. 2012).

26. That Chase has filed a proof of claim in this case, asserting an unsecured claim, does not resolve the subject matter jurisdiction issue because this action has nothing to do with determination of Chase's claim.  In Stern, Vickie argued to the contrary, but the court did not agree.  "As an initial matter, it is hard to see why Pierce's decision to file a claim should make any difference with respect to the characterization of Vickie's counterclaim. … Pierce's claim for defamation in no way affects the nature of Vickie's counterclaim for tortuous interference as one at common law that simply attempts to augment the bankruptcy estate – the very type of claim that we held in *Northern Pipeline* and *Granfinanciera* must be decided by an Article III court."  Stern at 2616.  Here, Traverse is not asserting a claim against Chase, but a counter-claim against the trustee, and the trustee's action merely augments the bankruptcy estate.

27. In this case, the trustee's claim is based on state law.  Section 544(b) refers to "applicable law" – a clear reference to non-bankruptcy law.  *See* In re Ellis, 345 (BR 11 (Bkrtcy.D.Mass. 2006) (claims allowance); In re Mirant Corp., 675 F.3d 530 (5th Cir. 2012); In re Crowder, 225 BR 794 (Bkrtcy.D.N.M. 1998); In re John I. Paulding, Inc., 76 BR 7 (Bkrtcy.D.Mass. 1987).  This action, therefore, seeks to "augment" the bankruptcy estate, §541(a)(4).  Stern seems to say that actions involving non-bankruptcy law that merely seek to augment the bankruptcy estate require the judgment of an Article III court: " … Congress may not bypass Article III simply because a proceeding may have *some* bearing on a bankruptcy case; the question is whether the action at issue stems from the bankruptcy itself or would necessarily be resolved in the claims allowance process."  Stern at 2618.  The present action does not stem from the bankruptcy itself because it could have been brought in a state court and is entirely dependent on state law, and the issues raised would not be resolved in the claims allowance process.  Neither prong of the Stern test has been satisfied, and this court may not enter a final judgment.  *See generally* In re Southeastern Materials, Inc., et al, 467 BR 337 (Bkrtcy.M.D.N.C., 2012).

28. For all of the foregoing reasons, Traverse avers that there is a substantial question as to whether this court may enter final judgment.  Given that uncertainty, the court should stay its decision pending appeal.  To obtain a stay pending appeal, the debtor must show that she is likely to succeed on the merits; she would be irreparably harmed absent relief; other parties will not be injured; and the public interest would be furthered by the granting of the stay.  In re Marrama, 345 BR 458 (Bkrtcy.D.Mass. 2006).

29.    All of the preceding paragraphs demonstrate that Traverse is likely to succeed on the merits, especially where the court did not understand her argument.  In addition, where there is a substantial question as to the court's subject matter jurisdiction, the court must be assured that subject matter jurisdiction is present, and the foregoing arguments demonstrate a substantial jurisdictional question.  No other parties will be injured by granting a stay.  Traverse, however, would be irreparably harmed absent relief since under §363(m), reversal or modification on appeal does not affect the validity of a sale to a good faith purchaser of the property, even if the purchaser knew of the appeal.  The result would be that Traverse would lose her home wrongfully, but even if Traverse nonetheless were able to undo the sale notwithstanding §363(m), the purchaser almost certainly would suffer loss.  *See* In re Amir 2009 WL 1616670 (Bkrtcy.N.D. Ohio 2009).  The public interest does not support debtors losing their home in improper bankruptcy sales; *see* In re Early, 2008 WL 2073917 (Bkrtcy.D. Dist.Col. 2008) ("Congress surely did not intend that result.").

WHEREFORE Traverse respectfully requests that the court stay its decision granting summary judgment to the trustee and thereby finding that the trustee may sell Traverse's home even though he does not own it, and prohibit the trustee from proceeding with a sale unless a final judgment is entered in his favor in the appeal.

June 4, 2012

Respectfully submitted,
Virginia A. Traverse
By her attorney,

/s/____David G. Baker_____
David G. Baker, Esq.
236 Huntington Avenue Room 306
Boston, MA   02115
(617) 367-4260
BBO# 634889

<u>Certificate of Service</u>

The undersigned states upon information and belief that the within motion was served upon the parties named below via the court's CM/ECF system on this date.


/s/   *David G. Baker*
David G. Baker, Esq.

Catherine V. Eastwood on behalf of Defendant JPMorgan Chase Bank, N.A. - cve@psh.com, djm@psh.com
Keri Linnea Wintle on behalf of Plaintiff Mark DeGiacomo - kwintle@murthalaw.com

7